UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERYC HAIRSTON,

                              Plaintiff,

       - *against* -

EARL BELL,
*Superintendent, Clinton Correctional Facility*

                             Defendant.

21 Civ. 6503 (KMK)(PED)

ORDER

**PAUL E. DAVISON, U.S.M.J.:**

    Petitioner brings this *pro se* Petition to challenge his June 24, 2016 conviction in the New York Supreme Court, Westchester County. For the reasons discussed in further detail below, the Court directs Petitioner and Respondent to submit supplemental briefs regarding the issue of timeliness within forty-five days of the date of this Order.

## DISCUSSION

    Petitioner's application may be time-barred. A federal *habeas corpus* petition is subject to strict, one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. *See id.* § 2244(d)(1). These include: (1) when the judgment of a conviction becomes final; (2) when an impediment to filing such a motion is removed; (3) when the Supreme Court recognizes the constitutional right asserted, if it has been made retroactively available to cases on collateral review; or (4) when facts supporting the claim could have been discovered through due diligence. *See id.* § 2244(d).

Petitioner was convicted on June 24, 2016 in the New York Supreme Court, Westchester County. The Appellate Division, Second Department affirmed Petitioner's conviction on December 19, 2018 and the Court of Appeals denied Petitioner leave to appeal on April 8, 2019. *See People v. Hairston*, 90 N.Y.S.3d 117 (App. Div. 2018), *leave denied* 124 N.E.3d 762 (Table) (N.Y. 2019). Thus, Petitioner's conviction became final on July 8, 2019, after "the expiration of [the] 90-day period of time to petitioner for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this Petition in the prison mailing system on July 27, 2021, more than two years after the judgment of his conviction became final.

The AEDPA's statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief, or other collateral review, of a claim raised in the petition. *See* 28 U.S.C. § 2244(d)(2). Importantly, "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Further, the statute of limitations will not be tolled under Section 2244(d)(2) if a post-conviction motion is filed after the expiration of the statute of limitations. Here, Petitioner filed a writ of error *coram nobis* on July 9, 2020. The Appellate Division denied Petitioner's *coram nobis* petition on December 30, 2020, and the Court of Appeals denied Petitioner leave to appeal on May 26, 2021. *See People v. Hairston*, 135 N.Y.S.3d 307 (App. Div. 2020), *leave denied* 170 N.E.3d 400 (Table) (N.Y. 2021). The Court notes that neither the Petitioner nor the Respondent has addressed the issue of timeliness

## CONCLUSION

Accordingly, the parties are directed to submit supplemental briefs addressing, and limited to, the issue of whether the instant Petition was timely filed pursuant to the one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. Petitioner and Respondent shall submit their supplemental briefs within forty-five days of the date of this Order.

Dated: March 18, 2022
       White Plains, New York

SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge