UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────── X

ERYC HAIRSTON,

    Petitioner,

        -against-

EARL BELL, Superintendent,

    Respondent.
─────────────────────────────────────── X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2024

**ORDER ADOPTING REPORT AND RECOMMENDATION**

21-cv-6503 (NSR) (VR)

NELSON S. ROMÁN, United States District Judge:

    Petitioner, Eryc Hairston ("Petitioner"), a *pro se* inmate convicted of murder in the second degree, filed the instant writ of habeas corpus ("Petition", ECF No. 1) pursuant to 28 U.S.C. § 2254 alleging that there was insufficient evidence to support his conviction (*id.* at 5). By Decision and Order, dated July 12, 2022, the Honorable Magistrate Judge Paul E. Davison ("Judge Davison") issued a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending the Petition be denied. (ECF No. 21.)

    Petitioner has timely objected to the R&R. ("Petitioner's Obj.", ECF No. 23.) For the following reasons, the Court adopts the R&R in its entirety, and deems the Petition DENIED. The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

## LEGAL STANDARDS

### A. Habeas Petition Reviewing a State Court Decision

    When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). Any state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B. Magistrate Judge's Report and Recommendation**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

To the extent a petition makes specific objections to an R&R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at * 18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a petitioner's claims are "clearly aimed at particular findings in the magistrate's

proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

### HABEAS PETITION AND MAGISTRATE'S FINDINGS

Petitioner's habeas petition challenges his 2016 state court conviction on the basis that there was insufficient evidence to support his conviction. (*See* Petition at 5.) On March 18, 2022, Judge Davison's preliminary review of the instant Petition revealed that neither party had addressed the issue of timeliness. Accordingly, he directed the parties to submit supplemental briefs addressing the issue of whether the Petition was timely filed. (*See* ECF No. 17.)

After reviewing the parties' briefing regarding timeliness, Judge Davison concluded that the Petition was "plainly untimely." (R&R at 7.) Petitioner was convicted on June 24, 2016 in the New York Supreme Court, Westchester County. The Appellate Division, Second Department affirmed Petitioner's conviction on December 19, 2018 and the Court of Appeals denied

3

Petitioner leave to appeal on April 8, 2019. *See People v. Hairston*, 90 N.Y.S.3d 117 (App. Div. 2018), *leave denied* 124 N.E.3d 762 (Table) (N.Y. 2019). Accordingly, Petitioner's conviction became final on July 8, 2019—90 days after his application for leave to appeal to the Court of Appeals was denied. *See Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Absent tolling, then, the one-year limitation period for Petitioner's habeas petition expired on July 8, 2020. Petitioner, however, filed the instant Petition on July 27, 2021—over a year after the expiration of the limitations period.

     Judge Davison additionally concluded that Petitioner was not entitled to equitable tolling of the statue of limitations. First, Petitioner's argument that a corrections officer confiscated, lost, or destroyed his legal work had little relevance for the timeliness of the Petition since his loss allegedly occurred in June 2017—three years before the July 2020 deadline. (*See* R&R at 8.) Second, Petitioner's contention that his appellate counsel failed to communicate with him regarding the progress of his direct appeal was also irrelevant because Petitioner was informed by a clerk at the Court of Appeals on or about April 20, 2020 that his leave application had been denied on April 8, 2019 (ECF No. 20 at 51), meaning that Petitioner still had more than two and a half months to submit a timely habeas petition. (*See* R&R at 8.) Third, Petitioner argued that he "continuously exercised due diligence in an effort to obtain legal work/transcripts," but failed to explain how the "legal work/transcripts" were necessary for the preparation of the Petition. (*See id.* at 9 (quoting ECF No. 20 at 5).) Finally, Petitioner claimed that he was prevented from filing in a timely manner due to COVID-19, but did not explain how COVID-related circumstances prevented him from submitting a timely petition. (*See id.*)

4

**DISCUSSION OF OBJECTIONS**

Generally, under section 636(b)(1), when written objections to a magistrate's report and recommendation are timely filed, the district court judge will make a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). "However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz*, No. 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citing *Vargas v. Keane*, No. 93–CV–7852 (MBM), 1994 WL 693885 (S.D.N.Y. Dec.12, 1994); *Klawitter v. Chater*, No. 93–CV–0054E, 1995 WL 643367 at *1 (W.D.N.Y. Oct.18, 1995); *Murphy v. Grabo*, No. 94–CV–1684 (RSP), 1998 WL 166840 at *1 (N.D.N.Y. Apr.9, 1998)). General or conclusory objections are also reviewed strictly for clear error. *See Harris*, 2008 U.S. Dist. LEXIS 22981, at *18.

Here, Petitioner does not object or even respond directly to any specific portion of Judge Davison's findings and instead presents a single argument as to why his Petition is not untimely—namely, that his appellate counsel failed to "advise [P]etitioner of vital decisions" and therefore Petitioner is entitled to equitable tolling. (Petitioner's Obj. at 1.) In other words, Petitioner repeats the very same argument he set forth in his reply papers before Judge Davison and that Judge Davison already considered and rejected. Accordingly, this Court reviews Petitioner's objections for clear error. *See Rivera v. Ercole,* No. 09 CIV. 5547 DAB, 2013 WL 4414863, at *3 (S.D.N.Y. Aug. 15, 2013) ("[s]ince this Objection merely rehashes arguments fairly presented to the Magistrate, it is reviewed for clear error."); *Ennis v. Artus,* No. 09 CIV.

10157 DAB, 2012 WL 3957046, at *2 (S.D.N.Y. Sept. 10, 2012) (where "[p]etitioner's objections to the Report's recommendation...rehash[ed] the arguments previously raised," the Court reviewed only "for clear error"); *Nowlin v. Greene*, 467 F. Supp. 2d 375, 378 (S.D.N.Y. 2006) ("[p]etitioner's objections do no more than repeat the arguments made in his original petition and would ordinarily be subject to review only for clear error.").

Where Petitioner repeats the same arguments made in his Petition, the Court agrees with Judge Davison's analysis as summarized above. Judge Davison gave thorough and careful consideration to Petitioner's argument regarding the ineffectiveness of his appellate counsel and rejected it for reasons the Court finds compelling. He employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. "Accordingly, there is no need to repeat here what the Magistrate Judge has already so well stated, especially since [P]etitioner, in his Objections to the Report and Recommendation, largely repeats, without new argument, the arguments set forth in his [P]etition." *See Muhammad v. Bennett*, No. 96CIV.8430(JSR)(HBP), 1998 WL 214884, at *1 (S.D.N.Y. Apr. 29, 1998). None of Petitioner's arguments provide a basis for relief. Therefore, Judge Davison did not err in recommending denial of the habeas petition.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d

192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      The Clerk of Court is kindly directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF and sh ow service on the docket.

Dated: October 10, 2024                                                          SO ORDERED:
      White Plains, New York

                                                                                   NELSON S. ROMÁN
                                                                            United States District Judge